IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JAIME GIVENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REVLON, INC., a New York corporation; and REVLON CONSUMERS PRODUCTS, LLC., a New York corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-02034<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. BREACH OF WARRANTY<br><br>2. FRAUD<br><br>(*Jury Trial Demanded*) |

## PLAINTIFF JAIME GIVEN'S COMPLAINT

COMES NOW, Plaintiff Jaime Givens in the above-entitled and numbered cause, and files her Class Action Complaint against Defendants Revlon Inc. and Revlon Consumers Products, LLC. ("Defendants"), and for the cause of action would respectfully show the Court as follows:

## PARTIES

1. Plaintiff Jaime Givens ("Plaintiff") is an individual residing in Lewisville, Texas.

2. Defendants Revlon Inc. and Revlon Consumers Products, LLC. ("Defendants") are New York corporations with their principal place of business in New York, NY.

3. Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged in this Complaint.

## NATURE OF ACTION

4. This class action challenges Defendants' unlawful and unethical marketing scheme of their "Creme of Nature ® Moisture-Rich Hair Color with Shea Butter Conditioner" beauty product (the "Product"). Defendants prominently market their Product as being "Ammonia Free," and understands that consumers (like Plaintiff) will reasonably rely on that representation to purchase it. But Defendants' representations are entirely false: the Product contains ammonia, which Plaintiff confirmed through testing.

5. Not only are Defendants' representations false, but they are dangerous; and marketing schemes like this put consumers at risk. Part of the reason Defendants markets their Product as being "Ammonia Free" is because they know many consumers (like Plaintiff) have allergic reactions to ammonia and, as a result, will purchase beauty products that are marketed as being "ammonia free." By marketing a product as being "ammonia free" when it in fact contains ammonia, Defendants are putting consumers like Plaintiff at risk by exposing them to allergens—and this class action is necessary to end that practice. In any event, Defendants' advertising is false and misleading.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are of diverse citizenship and the matter in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

7. This Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member

of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

8. The Northern District of Texas has specific personal jurisdiction over Defendants because Defendants purposefully directs their marketing and sales activities to this State, thereby purposefully availing their self of the privilege of conducting business in Texas. Plaintiff's claim also arises out of and relates to Defendants' activities in this State (marketing and selling its Product), as Plaintiff (i) relied on and purchased Defendants' Product in Texas, and (ii) was injured in Texas by using Defendants' Product. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of Texas because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## FACTUAL ALLEGATIONS

### The Rise of Ammonia Free Hair Products

9. Ammonia ($NH_3$) is one of the most prevalent industrial chemicals produced in the United States, with about 80% of its industrial production serving as a crucial agricultural fertilizer. Besides its role in agriculture, ammonia finds application as a refrigerant gas, aids in water purification, and serves as a vital component in the production of plastics, explosives, textiles, pesticides, dyes, and various other chemicals. Moreover, ammonia is present in numerous household and industrial-strength cleaning solutions. [1][2]

10. Ammonia has long been a common ingredient in hair products, but its harsh effects on hair and health have since become a cause for concern. It can strip away the natural oils and proteins from the hair, causing dryness, frizziness, and a lackluster appearance.

---

[1] https://www.health.ny.gov/environmental/emergency/chemical_terrorism/ammonia_tech.htm -:~:text=Ammonia is also used as,pesticides, dyes and other chemicals

[2] https://www.chemicalsafetyfacts.org/chemicals/ammonia/

CLASS ACTION COMPLAINT 3

Continuous use further weakens the hair shaft, causing breakage and split ends due to irreversible changes in its pH level. Additionally, the pungent fumes emitted by ammonia irritate the respiratory system, affecting the eyes, nose, and throat. [34]

11. As awareness of ammonia's potential harm spreads, there is a growing preference for ammonia-free alternatives in hair products. Ammonia-free hair products offer gentler results without compromising hair health or emitting harmful fumes. This trend reflects a prioritization of individual well-being and supports a more environmentally conscious approach to beauty, making it a favorable choice for those seeking vibrant and healthy hair. [5]

**Plaintiff's Purchase of Defendant's Product**

12. Defendants retails for sale, under the brand name Creme of Nature ®, a line of liquid permanent hair color, "Moisture-Rich Hair Color with Shea Butter Conditioner." This is part of its "Creme of Nature ® Certified Natural Ingredients collection" which "gives you the tools to style your curls to perfection with moisture-loving definition, color your stubborn grays with ***ammonia-free***, long-lasting, moisture-rich hair color and pamper your strands with coconut oil, coconut milk, mango, shea butter and acai berries." (*See* https://cremeofnature.com/products/certified-natural-ingredients/moisture-rich-hair-color-with-shea-butter-conditioner-c43-lightest-blonde/.) (emphasis added.)

13. On or around July 1, 2023, Plaintiff purchased a box of Defendants' "Creme of Nature ® Moisture-Rich Hair Color with Shea Butter Conditioner" in the shade Lightest Blonde C43 ("Product") from a Beauty Supply 4U in Lewisville, Texas for $3.99.

---

[3] https://pubchem.ncbi.nlm.nih.gov/compound/Ammonia
[4] https://www.sciencedirect.com/science/article/pii/S0160412016300186?casa_token=q8yqZJKL6aUAAAAA:TJ3Dl6IItju7yS31PiJPmp5gVzsPsrugTfO01HlbTKwHphCT1jHrNzVlsnlgMgsxFNghY_XhsQ

[5] https://skinkraft.com/blogs/articles/ammonia-free-hair-dye#the-dangerous-effects-of-ammonia-in-hair-color

14. Prior to purchasing the Product, Plaintiff read Defendants' packaging which was labeled "Ammonia Free" in bright bold lettering on the bottom right corner. The packaging of the Product Plaintiff purchased is shown below:



15. The Product Plaintiff purchased is also denoted as "Ammonia Free" and "NO Ammonia" on Defendants' website, as shown from the following screenshot:



(*See* (https://cremeofnature.com/products/certified-natural-ingredients/moisture-rich-hair-color-with-shea-butter-conditioner-c43-lightest-blonde/.)

16. On July 1, 2023, Plaintiff proceeded to use the Product to color her hair and noticed a strong chemical smell. After the use of the Product, Plaintiff experienced an allergic reaction and suffered from swollen lymph nodes in her arm and neck area and chemical burns on her scalp.

17. The images of Plaintiff's injuries are below:



18. Plaintiff is strongly allergic to ammonia. Suspecting Plaintiff's reaction was due to the presence of ammonia in the Product, Plaintiff purchased another box of the same Product and tested it for ammonia with at-home testing strips. The test strips returned positive for ammonia.

19. The test strips used, the side-by-side comparison of strips returned between a home-brand ammonia cleaning product and the Product, as well as a close-up of the strips returned from the Product are below:






20. Plaintiff purchased the Product in reliance on Defendants' representations that the Product did not contain the ingredient ammonia, i.e., the Product was "Ammonia Free." Had Plaintiff known the Product contained ammonia, she would not have purchased it due to her known allergy to ammonia-containing products.

21. Defendants' false representations are not only unlawful, but dangerous. Texas consumers who suffer from an ammonia allergy, like Plaintiff, will reasonably rely on Defendants' representation that the Product being purchased does not contain ammonia and will suffer because of this misleadingly harmful information.

# CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all persons similarly situated pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following class:

> All persons in the United States who purchased the Product from Revlon, Inc. and Revlon Consumers Products, LLC. within the four years prior to the filing of this Complaint.

23. The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers, directors, or employees of Revlon, Inc. and Revlon Consumers Products, LLC., any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

24. In the alternative, Plaintiff seeks certification of the following class pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure:

> All persons in Texas who purchased the Product from Revlon, Inc. and Revlon Consumers Products, LLC. within the four years prior to the filing of this Complaint.

25. **Numerosity**. The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but on information and belief, Plaintiff alleges that there are thousands of members of the Class. The precise number of Class members is unknown to Plaintiff.

26. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class she seeks to represent. Identical to all members of the Class, Plaintiff relied upon Defendants' representations that their Product is ammonia free, when it in fact contains ammonia. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class. Defendants have no defenses unique to the Plaintiff.

27. **Adequacy of Representation**. Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and her counsel intend to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interests to those of the Class.

28. **Existence and Predominance of Common Questions of Law or Fact**. Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

   (a) Whether Defendants made misrepresentations and/or deceptive omissions concerning their Product;

   (b) Whether Defendants' marketing, promotion and advertising of the Product is false, fraudulent, deceptive, unlawful or misleading;

   (c) Whether the members of the Class are entitled to damages and/or restitution.

   (d) What type of injunctive relief is appropriate and necessary to enjoin Revlon, Inc.

and Revlon Consumers Products, LLC. from continuing its unlawful practices?

(e) Whether Revlon, Inc. and Revlon Consumers Products, LLC.'s conduct was undertaken with conscious disregard of the rights of the members of the Class and was done with fraud, oppression, and/or malice.

29. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every member of the Class could afford individual litigation, the adjudication of at least thousands of identical claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

30. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the members of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual members of the Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to such adjudications, or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

31. **Ascertainability**. Upon information and belief, Defendants keep extensive computerized records of their sales and customers through, among other things, databases storing

customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendants have one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

32. The Texas Class also satisfies each of the class action requirements set forth above. The allegations set forth above with regards to the Class, therefore, apply equally to the Texas Class.

## FIRST CAUSE OF ACTION

**Breach of Express Warranty (Tex. Bus. & Com. Code § 2.313)**

33. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph.

34. In connection with the sale of their Product, Defendants expressly affirmed of fact, promised, and described the Product as "Ammonia Free" on the Product's labeling and packaging.

35. The affirmations of fact and promises made and the description provided by Defendants to Plaintiff and the Class regarding the Product became part of the basis of the bargain between Defendants and Plaintiff and the Class, thereby creating an express warranty that the Product would conform to those affirmations of fact, representations, promises, and descriptions.

36. The Product does, in fact, contain the ingredient ammonia.

37. Plaintiff and members of the Class suffered economic injury as a direct and proximate result of Defendants' breach of warranty because: (a) they would not have purchased the Product if they had known that the Product had been falsely labeled as alleged in this Complaint; (b) they paid a price premium for the Product based on Defendants' express warranties; and (c) the Product does not have the characteristics, uses, or benefits as promised by Defendants.

38. As a result, Plaintiffs and members of the Class have been damaged either in the full amount of the purchase price of the Product or in the difference in value between the Product as warranted and the Product as sold.

## SECOND CAUSE OF ACTION

### Fraud

39. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph.

40. In connection with the sale of the Product, Defendants' Product packaging and labeling represents that the Product is "Ammonia Free."

41. Ammonia is a harsh chemical that is present in some hair products. Concealment of the presence of ammonia harms consumers who wish to avoid purchasing ammonia-containing products for various reasons, which include known allergies to ammonia.

42. Defendants should have known or has reason to know that the Product does, in fact, contain the ingredient ammonia. Yet, Defendants chose to label and package their Product as "Ammonia Free."

43. Plaintiff and the Class relied on Defendants' representation that the Product was "Ammonia Free" and purchased the Product on the reasonable belief that they would not encounter the harsh chemical when using the Product.

44. Plaintiff and the Class suffered economic injury as direct result of Defendants' fraudulent representation of the Product's characteristics.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For an order certifying the certifying the Class naming Plaintiffs as representatives of the Class, and Plaintiffs' attorneys as Class Counsel to represent the Class;

B. For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

C. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or Jury;

D. For prejudgment interest on all amounts awarded;

E. For an order of restitution and all other forms of equitable monetary relief;

F. For injunctive relief as pleaded or as the Court may deem proper; and

G. For an order awarding Plaintiffs' and the Class their reasonable attorneys' fees, expenses, and costs of suit.

H. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can so be tried.

DATED:  September 11, 2023                 Respectfully submitted,

By:     /s/ Robert Tauler
Robert Tauler, Esq.
Texas State Bar No. 24122095
rtauler@taulersmith.com
Tauler Smith LLP
100 Crescent Court., 7th Floor
Dallas, TX 75201
Telephone: (512) 456-8760

By:     /s/ Camrie Ventry
Camrie Ventry, Esq.
Texas State Bar No. 24126131
cventry@taulersmith.com
Tauler Smith LLP
100 Crescent Court., 7th Floor
Dallas, TX 75201
Telephone: (512) 456-8760

/s/ Kevin J. Cole
Kevin J. Cole (*Pro Hac Vice* Forthcoming)
  kevin@kjclawgroup.com
KJC LAW GROUP, A.P.C.
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA  90212
Phone: (310) 861-7797